UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 20-20030-CIV-MARTINEZ-OTAZO-REYES**

PAMELA BURNS, as Personal Representative
of the Estate of Paula Smith (deceased), and
on behalf of Paula Smith's surviving children
D.B. (age 5), D.S. (age 4), and D.S. (age 2); and
DELONDRE HARRIS, individually,

    Plaintiffs,

vs.

TAURUS INTERNATIONAL
MANUFACTURING, INC., and
FORJAS TAURUS, S.A.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant Taurus Armas, S.A.'s Motion for Summary Judgment ("Motion"). [ECF No. 40]. The Court has reviewed the Motion, Response in Opposition [ECF No. 44], Reply in Support [ECF No. 44], the record, and is otherwise fully advised of the premises. After careful consideration, the Court **GRANTS** the Motion.

### I. BACKGROUND

This case raises product liability claims against a pistol manufacturer and distributor. Plaintiffs previously sued the pistol distributor in Tennessee asserting the same claims. The Tennessee court entered judgment against Plaintiffs. The pistol manufacturer, who was not a party to the Tennessee action, argues that the Tennessee judgment bars the claims asserted against it here based on the principle of res judicata. The Court agrees.

1

### A.     The Pistol Sales & The Accident[1]

Defendant Taurus Armas, S.A., (formerly Forjas Taurus, S.A.) ("Taurus"), manufactured the alleged defective pistol and sold it to Defendant Taurus International Manufacturing, Inc. ("TIMI"), a Florida firearms distributor. *See* Statement of Material Facts in Support of Taurus' Mot. for Summ. J. ("Def's Stmt."), [ECF No. 41] ¶¶ 2, 4–5; *Burns v. Taurus Int'l Mfg., Inc.*, 826 F. App'x 496, 500 (6th Cir. 2020).[2] After two more non-consumer sales of the pistol, Michael Alexander purchased it in December 2008. *Burns*, 826 F. App'x at 498. In December 2017, Mr. Alexander sold the pistol to his son, Plaintiff Delondre Harris. *Id.* Sometime later, Mr. Harris and Paula Smith engaged in an intimate activity in bed while the pistol was at the foot of the bed. *Id.* at 497–98. During this activity, the pistol was knocked to the floor and discharged. *Id.* A bullet hit Ms. Smith, killing her. *Id.*

### B.     The Tennessee Case

In January 2019, Pamela Burns (Paula Smith's mother), as personal representative of Ms. Smith and her children, and Delondre Harris, filed a product liability action against TIMI and Taurus Holdings, Inc. ("Holdings")[3] in the Western District of Tennessee. *See Burns, et al. v. Taurus Int'l Mfg. Inc., et al.*, No. 19-cv-02071 (W.D. Tenn.) ("Tennessee Case"). The Tennessee Case plaintiffs, which are the same Plaintiffs in this action, "claimed that a faulty safety device on a pistol designed by [TIMI and Holdings] caused the pistol to discharge and strike Paula Smith in the head, killing her." *Burns*, 826 F. App'x at 497.

---

[1] The facts are undisputed unless stated otherwise.
[2] Plaintiffs request, and Defendants do not oppose, that the Court take judicial notice of the facts and records from the related proceedings before the Western District of Tennessee and Sixth Circuit Court of Appeals. *See* Statement of Material Facts in Support of Plfs' Resp. to Def's Mot. for Summ. J. ("Plfs' Stmt."), [ECF No. 43] at 2–3. The Court takes judicial notice of the facts and court records from these proceedings pursuant to Federal Rule of Evidence 201(b).
[3] Taurus Holdings, Inc. is not a party to this dispute.

Tennessee's statue of repose requires all actions against a manufacturer or seller of a defective or unreasonably dangerous product be brought within ten years of the date it was first purchased for use or consumption. *Burns*, 826 F. App'x at 498 (citing T.C.A. § 29-28-103(a)). During litigation of the Tennessee Case, the parties discovered that the first purchaser of the pistol for consumer use was Michael Alexander in December 2008. *Id.* Because Plaintiffs filed the Tennessee Case in January 2019 – more than ten years after Mr. Alexander purchased the pistol – Plaintiffs moved to voluntarily dismiss, "apparently hoping to file again in Florida and try to avail themselves of Florida's more plaintiff-friendly twelve-year statute of repose." *Id.* at 497; *see also Burns v. Taurus Int'l Mfg.*, No. 19-cv-02071-JTF-dkv, 2019 U.S. Dist. LEXIS 226075, *2 (W.D. Tenn. Nov. 20, 2019). About a week after Plaintiffs moved to voluntarily dismiss the Tennessee Case, TIMI and Holdings moved for summary judgment, arguing that the Tennessee statute of repose barred all the claims. *Burns*, 826 F. App'x at 498–99; *see also Burns v. Taurus Int'l Mfg.*, 427 F. Supp. 3d 969, 973 (W.D. Tenn. Nov. 20, 2019).

The Western District of Tennessee denied TIMI and Holdings' motion for summary judgment, finding that Florida law applied. *Burns*, 427 F. Supp. 3d at 975–84. The Western District of Tennessee also voluntarily dismissed the action without prejudice. *See Burns*, 2019 U.S. Dist. LEXIS 226075, *2. TIMI and Holdings appealed both orders to the Sixth Circuit Court of Appeals. *See generally Burns*, 826 F. App'x at 497–99.

    C.    **The Sixth Circuit Appeal**

The Sixth Circuit reversed the Western District of Tennessee's orders "because Tennessee law applie[d] and Tennessee's ten-year statute of repose clearly dictate[d] a result in [TIMI and Holdings'] favor." *Burns*, 826 F. App'x at 503. On remand, the Western District of Tennessee granted TIMI and Holdings' motion for summary judgment consistent with the Sixth Circuit's

3

opinion, dismissed the Tennessee Case with prejudice, and entered an Amended Judgment in favor of TIMI and Holdings. *See* Tennessee Case, Order Dismissing Case, [ECF No. 70] at 1–2; Am. Judgment, [ECF No. 71].

### D. This Case

While the Sixth Circuit appeal remained pending, Plaintiffs Pamela Burns, as personal representative of Paula Smith and her children, and Delondre Harris also filed suit in Florida state court against TIMI and Taurus. *See* [ECF No. 1]. As in the Tennessee Case, here, too, Plaintiffs allege that the pistol's faulty safety devices caused Ms. Smith's death. *See generally* Am. Compl., [ECF No. 23]. The claims asserted in this case, compared to those asserted in the Tennessee Case, are organized below:

| Tennessee Case | This Case |
|---|---|
| *Pamela Burns, Delondre Harris v. Taurus International Manufacturing, Inc., Taurus Holdings, Inc.*, No. 19-cv-02071 (W.D. Tenn.), [ECF No. 12] | *Pamela Burns, Delondre Harris v. Taurus International Manufacturing Inc., Forjas Taurus, S.A.*, No. 20-cv-20030 (S.D. Fla.), [ECF No. 23] |
| **Count One**: Strict Liability Design Defect (TIMI)[4] | **Count One**: Strict Liability Defective Design (TIMI) |
| | **Count Two**: Strict Liability Defective Design (Taurus) |
| **Count Two**: Strict Liability Manufacturing Defect (TIMI) | **Count Three**: Strict Liability Manufacturing Defect (TIMI) |
| | **Count Four**: Strict Liability Manufacturing Defect (Taurus) |
| **Count Three**: Negligence (TIMI) | **Count Seven**: Negligence (TIMI) |
| | **Count Eight**: Negligence (Taurus) |

---

[4] To simplify this chart, the Court does not include the claims asserted in the Tennessee Case against non-party Taurus Holdings, Inc.

| | |
|---|---|
| **Count Five**: Strict Liability Failure to Warn (TIMI) | **Count Five**: Strict Liability Failure to Warn (TIMI) |
| | **Count Six**: Strict Liability Failure to Warn (Taurus) |
| **Count Six**: Vicarious Liability[5] (TIMI) | **Count Nine**: Joint Venture Vicarious Liability (TIMI and Taurus) |
| | **Count Ten**: Agency Vicarious Liability (TIMI and Taurus) |
| **Count Seven**: Negligent Infliction of Emotional Distress of Delondre Harris (TIMI) | **Count Eleven**: Negligent Infliction of Emotional Distress Claim of Delondre Harris (TIMI) |
| | **Count Twelve** – Negligent Infliction of Emotional Distress Claim of Delondre Harris (Taurus) |
| **Additional Claims Asserted in Tennessee Case but not here:** | |
| **Count Four**: Negligent Failure to Warn (TIMI) | |
| **Count Eight**: Gross Negligence and Reckless Conduct (TIMI) | |
| **Count Nine**: Combined and Concurring Conduct (TIMI) | |
| **Count Ten**: Estoppel and Tolling of Statute of Limitations (TIMI) | |

Taurus removed the case to this Court and moved to dismiss or stay the case pending the Sixth Circuit appeal. Mot. to Dismiss, [ECF No. 25]. The Court stayed this case pending the resolution of TIMI and Holdings' appeal. See Order Granting Mot. to Stay, [ECF No. 30].

After the Tennessee Amended Judgment issued in favor of TIMI and Holdings, Taurus moved for summary judgment on the basis that Plaintiffs' claims are barred by res judicata. Mot. for Summ. J., [ECF No. 40]. In response, Plaintiffs conceded that res judicata bars their claims

---

[5] The Tennessee Case plaintiffs alleged that Taurus was vicariously liable through "joint venture" or "apparent agency." [ECF No. 40-1] at 26.

against TIMI in this case, but they do not agree that res judicata bars their claims against Taurus, which was not a party to the Tennessee Case. Resp., [ECF No. 42] at 4. Taurus' Motion for Summary Judgment is now ripe for review.

## II. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because "the requirement is that there be no *genuine* issue of *material* fact," "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). To that end, "[a] genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Coles v. City of Jacksonville*, 769 F. App'x 851, 854 (11th Cir. 2019) (citation and internal quotation marks omitted); *see also Hinson v. Bias*, 927 F.3d 1103, 1116 (11th Cir. 2019) (noting that "a 'mere scintilla of evidence' cannot suffice to create a genuine issue of material fact") (citation omitted).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If this initial burden is met, "the nonmoving party must come forward with 'concrete evidence from which a reasonable juror could return a verdict in his favor.'" *Hinson*, 927 F. App'x at 1115–16. Concrete evidence means affirmative evidence. *Id.* at 1116.

In evaluating a motion for summary judgment, "the Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Tonelli v. NCL (Bah.) Ltd.*, 428 F. Supp. 3d 1313, 1318 (S.D. Fla. 2019). The Court will

deny summary judgment "[i]f reasonable minds could differ on the inferences arising from undisputed facts." *Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1317–18 (11th Cir. 2015) (quoting *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997)).

### III.   APPLICABLE SUBSTANTIVE LAW

Defendant Taurus argues that the Amended Judgment in the Tennessee Case bars the claims asserted here pursuant to res judicata. *See* Mot. at 2. Before evaluating this argument, the Court must decide which State's substantive law – Florida's or Tennessee's – applies.[6] Here, the Court has diversity subject-matter jurisdiction. Am. Compl. ¶¶ 6, 10, 11–12. Accordingly, "federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008); *see also Semtek Int'l., Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505, 507 (2001) (holding that the "law that would be applied by state courts in the State in which the federal diversity court sits" determines the "claim-preclusive effect of a dismissal by a federal court sitting in diversity"). Because the Western District of Tennessee rendered the Amended Judgment that Taurus argues precludes the claims asserted against it here, Tennessee state law applies.

### IV.   DISCUSSION

The sole issue before the Court is whether the Tennessee Amended Judgment bars the claims asserted in this case under the doctrine of res judicata. Res judicata "prevents parties from raising arguments that either have been, or could have been, fully litigated in a prior legal proceeding." *Sutton v. Parker*, 800 F. App'x 397, 400 (6th Cir. 2020). Res judicata "is designed to give every litigant one, but only one, day in court," and "ensures that [a plaintiff] may not relitigate the same claim in hopes

---

[6] The parties do not dispute that Tennessee law applies. *See* Mot. for. Summ. J., [ECF No. 40] at 9–11; Resp., [ECF No. 42] at 4 n.4.

7

of a better result." *Edwards v. City of Memphis*, No. W2007-02449-COA-R3-CV, 2009 Tenn. App. LEXIS 486, *10–11 (Tenn. Ct. App. July 27, 2009) (citations omitted). It "refers to the 'preclusive effect of a judgment' and includes both (1) claim preclusion and (2) issue preclusion, also known as collateral estoppel." *Hanger Prosthetics & Orthotics East, Inc. v. Henson*, 299 F. App'x 547, 555 (6th Cir. 2008). Here, Taurus contends that claim preclusion bars this case.

To establish that a claim is barred by res judicata, the moving party must show "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). The parties do not dispute that the Western District of Tennessee is a court of competent jurisdiction that entered an Amended Judgment in favor of Defendant TIMI and Holdings that is final and on the merits. *See* Tennessee Case, Am. Judgment, [ECF No. 71]; *see also Creech v. Addington*, 281 S.W.3d 363, 377–78 (Tenn. 2009) (explaining what makes a judgment final and on the merits). Therefore, the Court evaluates only the second and third factors: (A) whether the Tennessee Case and this case involve the "same parties or privities," and (B) whether the Tennessee Case and this case involve the same claims. As explained below, the Court answers both inquiries in the affirmative and finds that this case is barred by res judicata.

**A.     TIMI and Taurus are in Privity for Purposes of Res Judicata**

Tennessee law provides that "parties are in privity for purposes of res judicata if they share the same interest in the subject matter of a lawsuit." *Lloyd's Acceptance, Corp. v. Carroll Prop. Mgmt., LLC*, No. 17-CV-02203, 2018 U.S. Dist. LEXIS 106505, at *13–14 (W.D. Tenn. June 26, 2018) (citing *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000). Stated

8

another way, privity "connotes an identity of interest, that is, a mutual or successive interest to the same rights." *Bank of N.Y. Mellon v. Berry*, No. W2017-01213-COA-R3-CV, 2018 Tenn. App. LEXIS 89, *10 (Tenn. Ct. App. Feb. 15, 2018) (citation omitted); *see also Davis v. Sovereign Invs., LLC,* No. M2019-01949-COA-R3-CV, 2021 Tenn. App. LEXIS 128, at *14 (Tenn. Ct. App. Mar. 30, 2021) ("Privity for the purposes of the 'same-party' element in the context of res judicata 'means an identity of interests relating to the subject matter of the litigation, and it does not embrace relationships between the parties themselves.'") (citations omitted).

Plaintiffs argue that Taurus and TIMI are not privities because TIMI had available defenses in the Tennessee Case that Taurus cannot raise here. Resp. at 10–14. In support, Plaintiffs cite to *Suntrust Bank v. Stoner*, No. 07-cv-397, 2009 U.S. Dist. LEXIS 32493 (E.D. Tenn. Apr. 14, 2009). *See id.* at 10–11. In *Suntrust Bank*, plaintiff alleged that defendant participated in a fraudulent scheme and conspired to convert money from the sale of trust property for his own use. *Id.* at *3–4. Defendant asserted that a prior state court action between plaintiff and Bank of America – the trustee of the trust from which defendant alleged converted money – barred plaintiff from raising claims regarding defendant's involvement in the scheme. *Id.* at *5. The court disagreed, finding that Bank of America and defendant were not privies because, in sum, "Bank of America's interests are adverse to [defendant's]." *Id.* at *7–8. Moreover, "Bank of America simply does not have the same interest in the subject matter to have adequately represented [defendant's] rights in the previous lawsuits, and accordingly they are not in privity." *Id.* at *8.

Here, Taurus and TIMI's interests are aligned, not adverse. Both Taurus and TIMI stand in nearly identical positions with respect to Plaintiffs and share the desired outcome that Plaintiffs' claims be barred by the statute of repose. Relatedly, Taurus has demonstrated that its interests were adequately represented by TIMI in the previous suit. *See Davis*, 2021 Tenn. App. LEXIS

9

128, *14 (holding that because the entities had "identical interests, i.e., resolving all disputes resulting from the foreclosure," the trial court correctly found that they were in privity with one another); *see also Johnson v. GMC*, 574 S.W. 3d 347, 353 (Tenn. Ct. App. 2018) ("It is commonly accepted in Tennessee that 'different parties are in privity if they stand in the same relationship to the subject matter of the litigation.'"); *cf. Notredan, LLC v. Old Rep. Exch. Facilitator Co.*, 875 F. Supp. 2d 780, 787–88 (W.D. Tenn. June 20, 2021). Taurus and TIMI's identity of interests in the subject matter of the litigation is not disrupted by the possibility that TIMI had defenses in the prior action – in addition to the statute of repose argument successfully asserted – that Taurus cannot make here.

In contesting the issue of privity, the parties focus heavily on two older Tennessee cases concerning a vehicle manufacturer and distributor. *See Cantrell v. Burnett & Henderson Co.*, 187 Tenn. 552 (Tenn. 1948); *Phillips v. General Motors Corp.*, 669 S.W.2d 665 (Tenn. Ct. App. 1984). As applied to this case, *Cantrell* and *Phillips* stand for no more than the general proposition that res judicata "does not embrace relationships between persons or entities, but rather the subject matter of the litigation." *Phillips*, 669 S.W.2d at 669. As previously explained, Taurus and TIMI share an interest in the subject matter of this case and the Tennessee Case.

In a footnote without explanation, Plaintiffs also state that Taurus and TIMI are not privities because Plaintiffs have a fraudulent concealment defense against Taurus that Plaintiffs could not have raised against TIMI in the Tennessee Case. *See* Resp. at 10 n.4. This argument incorrectly assumes that the Court would apply Florida law to Plaintiffs' claims. The Court agrees with the Sixth Circuit that this dispute – concerning the initial purchase of a pistol in Tennessee, and an

injury in Tennessee involving Tennessee Plaintiffs – is governed by Tennessee law.[7]  *See Burns*, 826 F. App'x at 500–03; *see also Gevaerts v. TD Bank, N.A.*, 56 F. Supp. 3d 1335, 1340 (S.D. Fla. 2014) (describing the Court's significant relationship test governing choice-of-law questions). And as Plaintiffs acknowledge, in Tennessee, fraudulent concealment is not an exception to the statute of repose.  Resp. at 6 n.3; *see also Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 888 (W.D. Tenn. 1999) ("Tennessee courts have consistently read all statutes of repose literally, and have declined to read equitable exceptions into them.").  Accordingly, any fraudulent concealment argument raised by Plaintiffs here would not affect Taurus' statute of repose defense or TIMI and Taurus' shared interest in the litigation.

Because Taurus, the pistol's manufacturer, and TIMI, the pistol's distributor, have a similar interest in the subject matter of this litigation – namely, that all Plaintiffs' pistol defect claims are barred by the statute of repose – Taurus and TIMI are privities for purposes of res judicata.

**B.     The Tennessee Case and This Case Involve the Same Claims**

In the last sentence of their conclusion in response to Taurus' Motion for Summary Judgment, Plaintiffs make the blanket assertion that "the facts and state law on which the instant claims against Taurus arise are critically different from the Tennessee action."  Resp. at 14. Despite the lack of a substantive argument on this point, the Court nevertheless reviews the claims in both actions.   As demonstrated in the table in Section I(D) of this Order, there is a complete overlap in the claims asserted in the Tennessee Case and this case, except that there were additional claims asserted in the Tennessee Case not re-asserted here.

---

[7]  The Court notes that even if this case were not barred by res judicata, it would reach the same result as the Western District of Tennessee.  Tennessee state law, and its ten-year statute of repose, applies to and bars Plaintiffs' claims.  *See Castillo v. Cessna Aircraft Co.*, 712 F. Supp. 2d 1306, 1311 (S.D. Fla. 2010) (recognizing that statutes of repose are considered "substantive" law for choice of law purposes under Florida law).

In Tennessee, "[t]he principle test for determining whether the causes of action are the same is whether the primary right and duty or wrong are the same in each case." *Gerber v. Holcomb*, 219 S.W.3d 914, 918 (Tenn. Ct. App. 2006). Stated another way, "two suits . . . shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or series of connected transactions." *Creech*, 281 S.W.3d at 380–81. As Taurus correctly asserts, Plaintiffs "re-allege the ***same claims*** arising from the sale of the ***same product*** against Taurus and TIMI who share an identity of interest—a common dispositive statute of repose defense—with respect to the subject matter of this products liability case: the Subject Pistol." Reply, [ECF No. 44] at 2 (emphasis in original); *see also* Resp. at 15. At bottom, the claims in the Tennessee Case and before this Court are about the same alleged wrong—Paula Smith's death from the purportedly defective pistol. Accordingly, the claims arise out of the "same transaction" for purposes of res judicata. *See Creech*, 281 S.W.3d at 380.

## V. CONCLUSION

The Western District of Tennessee is a court of competent jurisdiction that already issued a final judgment on the claims re-asserted here in favor of TIMI, which is privity with Defendant Taurus. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. Taurus' Motion for Summary Judgment, [ECF No. 40], is **GRANTED**. Plaintiffs' claims against Taurus are barred by res judicata.

2. As conceded by Plaintiffs, [ECF No. 42] at 4, their claims against TIMI are also barred by res judicata.

3. Taurus and TIMI shall submit a proposed final judgment to Chambers no later than **October 13, 2021**.

4. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, Miami, Florida, this 6th day of October, 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record